FILED
IN THIS OFFICE

2016 JAN -8 PM 2: 55

CLERK US DISTRICT COURT
GREENSBORO, N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM EL, Sui Juris, )<br>)<br>)<br>)<br>Plaintiff; )<br>)<br>)<br>v. )<br>)<br>GREENSBORO POLICE DEPARTMENT, a )<br>corporation; WAYNE SCOTT, CHIEF OF )<br>POLICE; RON ORGIAS, in his individual and )<br>and official capacity, STEVEN KORY )<br>FLOWERS, in individual and official capacity, )<br>NANCY B. VAUGHAN, Mayor of )<br>GREENSBORO, in her official capacity, )<br>BILL BENCINI, Mayor of HIGH POINT, in his )<br>official capacity, HIGH POINT POLICE )<br>DEPARTMENT, a corporation; )<br>MARTY SUMNER, CHIEF OF POLICE, in his )<br>official capacity, STEPHANIE REESE, in )<br>official and individual capacity, C. E. Jenkins, )<br>in official and individual capacity, GUILFORD )<br>COUNTY DEPARTMENT OF SOCIAL )<br>SERVICES, a corporation, MICHELLE )<br>MACADLO, in individual and official capacity, )<br>HEATHER SKEENS, in her official capacity, )<br>et al. )<br>)<br>Defendants. ) | CIVIL ACTION NO. 16CV14 |

## COMPLAINT

COMES NOW the Plaintiff, William El, ("Plaintiff"), acting pro who files this Complaint against Defendants and hereby states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter because it concerns a controversy arising under the Constitution of the United States pursuant to 28 U.S.C. § 1331 and diversity of Citizenship as detailed in 28 U.S.C. § 1332. This is a civil rights action, declaratory judgment action, and injunction action brought under 42 U.S.C. § § § 1983, 1986, 1988, 18 U.S.C. § 3161 and 28 U.S.C. §§§ 1867, 2201 and 2202 respectively.

1

2. This Court also has jurisdiction of this action by virtue of 28 U.S.C. § § 1343(a)(3) and 1343(a)(4), authorizing jurisdiction of claims brought under 42 U.S.C. § 1983 to enforce civil rights guaranteed by the United States Constitution. This actions seeks a declaratory judgment pursuant to 28 U.S.C. § § 2201 and 2202.

3. The causes of action and the underlying claims and allegations made the subject of this suit concern the civil rights of the Plaintiff who seeks monetary relief accordingly. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

4. Plaintiff is an individual resident of Davie, Florida. The Plaintiff is a former resident of North Carolina and dual resident of the State of Illinois and Trustee pursuant to and detailed in Hurd's revised statutes (805 ILCS 110/35) (from Ch. 32, par. 164) Sec. 35.

5. Defendant, Greensboro City Police Department ("GPD") is a North Carolina corporation, registered as a foreign corporation and doing business in the State of North Carolina. GDP contracts itself in this district as "security services contractor" but a "for profit" company which offers services to governmental entities "free of charge" to the cities of High Point and Greensboro respectively, as a systematic paramilitary unit.

6. Defendant, Wayne Scott is the Chief of the GDP ("Chief of Police") and was appointed by Greensboro City Manager Jim Westmoreland. The Chief of Police is, *inter alia,* responsible for the management of all activities of other subordinate Greensboro Police officers and detectives. The Chief of Police is being sued in his official capacity.

7. Defendant Ron Orgias is a High Point Police Department ("HPD") officer for the City of High Point ("CHP") and a resident of Guilford County, North Carolina. CHP is a municipal corporation located in Guilford County and operates a police force and a municipal court, doing so under the direction of its Chief Executive Officer.

8. Mayor Bill Bencini, is begin sued in his official capacity.

9. Defendant, Steven Kory Flowers, is a Greensboro Police Detective for the City of Greensboro ("GSO") and resident of the state of North Carolina. GSO is a municipal corporation located in Guilford County and Mr. Flowers himself is being sued in his individual and official capacity. GSO operates a police force and a municipal court, doing so under the direction of its Chief Executive Officer, Mayor Marty Sumner, who is being sued in his official capacity.

10. Defendant Stephanie Reese is an Assistant District Attorney for the State of North Carolina and a resident of the state of North Carolina. She operates under sworn appointment in both the District and Superior court and is being sued in her individual and official capacity.

11. Defendant, Guilford County Department of Social Services ("GDS") is a municipal Corporation and subsidiary of the Guilford County municipal government. It operates a Child Protective Services Agency under the direction of Heather Skeens, who is being sued in her official capacity.

12. Defendant Michelle Macadlo is a Child Protective Services case worker for Guilford County Department of Social Services and a resident of the state of North Carolina. She is being sued in her individual and official capacity.

13. Defendant C.E. Jenkins is a magistrate for Guilford County, North Carolina and a resident of the state of North Carolina. She is being sued in her individual and official capacity.

## STATEMENT OF THE FACTS

### OVERVIEW

14. Plaintiff brings this action because of the operation of the municipal courts under the above-named Defendants' oversight, who have violated and continues to violate Plaintiff's unalienable and constitutional rights as well as his distinguishable and inherent treaty rights conferred in a Bulletin of the U.S. State Department Vol. 35: 909 as unilaterally "protected".

15. Defendants have imposed a system whereby the administrative, clerical and quasi-judicial functions of the municipal court have been unlawfully contracted to a private business, using the color of state law for the collection of private fees and allowing public money to be confiscated and kept by privateers, in violation of North Carolina law and the Constitution. *See* Department of State Bulletin, Nov. 26, 1956, p. 844.

16. Defendants have operated the court by clothing GPD and HPD with the appearances of state authority allowing GPD and HPD employees to swear out frivolous and fraudulent warrants, though none have such authority under North Carolina statutes. GPD and HPD employees are also allowed to construct documents which appear to be court orders, warrants via sworn affidavits, etc. holding such out as having the force and effect of court orders, when they were not lawful orders.

17. Defendants have known of this fraudulent activity, but have fashioned a system of allowing GPD and HPD a free reign to effectuate malicious prosecution, collecting fines, and incarcerating persons at their mere whim arbitrarily due to latent and patented bias against the Plaintiff's stock. Plaintiff has been repeatedly [falsely arrested], detained, stripped of custody of his eldest child, placed on "probation" by Defendants, and in virtually all cases, there is to date no dispositive or reasonable evidence of a grand jury indictment, injured party, or true bill – all in violation of the Clearfield Doctrine. *See* Clearfield Trust Co. v. United States, 318 U.S. 363 (1943).

18. This public ruse is maintained by Defendants in order to impose and collect fines and costs from Citizens, and is accomplished by somehow granting GPD and HPD executive and Sheriffian authority, in concert with C.E. Jenkins and Stephanie Reese. It is further effectuated by allowing GPD and HPD 'cart blanche' determination of probable cause for an order of arrest simply as a formality by and through magistrate C.E. Jenkins as opposed to an impartial grand jury in accordance with the law.

19. Plaintiff avers that CHP, GSO, GPD and HPD and has unlawfully entered into the business arrangement with GDS to defame him, impoverish him, wrongfully imprison him, and strip him of custody of his heir apparent Jordan El (*ex relatione* Jordan Hall).

20. Further, Defendants have allowed GPD, HPD and GDS employees to bear false witness against Plaintiff in sham court proceedings, against their respective oaths, without legal authority or proper basis of authorization. Defendants have operated the system without concern for protecting the U.N. Rights of indigenous peoples as detailed by President Barak Hussein Obama's September 13, 2007 declaration and the Treaty of Peace (TS 244-2; 9 Bevans 1286), signed at Meccanez (Meknes or Meqqbinez) September 16, 1836 (3 Jumada II, A.H. :1252).

20. The operation and structure of the system run by GPD, HPD, GSO and CHP is such that the Court should declare it to be unlawful, jus cogens and unconstitutional, with any continued operation enjoined and prohibited.

## THE WITHIN-NAMED PLAINTIFF

21. Plaintiff, who is of Moroccan descent, is a current individual resident and state officer of The State of Florida, who was wrongfully jailed twice within the span of a year between August 2014 and July 2015 in North Carolina due to purported warrants that were neither the result of grand jury indictments or lawful orders for arrest.

22. Plaintiff's release was authorized only after securitization of funds via his signature bond under extreme duress and coercion. Further, the release was only authorized when Plaintiff's tax identification number was procured and used without his knowledge, consent or authorization.

23. Plaintiff was subsequently tried twice in Guilford County District Court and Guilford County Superior court respectively after an Alford Plea (obtained under duress and due to manifest injustice), wherein probation and fines had been previously ordered by Judge Angela Bullard Fox on March 3, 2015. Although the charges were eventually dismissed on appeal in a Superior court bench trial on July 21, 2015, Plaintiff endured false arrests without a proper grand jury indictment and a violation of the double jeopardy doctrine. *See* Guilford District County (High Point) court case 14CR084442; *See also* Guilford County Superior court case 14CRS084442; *See also* 42 U.S. Code § 408(a)(1)(7).

24. On July 20, 2015 Plaintiff was unlawfully arrested after celebrating the end Ramadan and whilst celebrating Moorish-American Independence day. After being held for a secured bond of $10,000 due to the pending case [14CRS084442] for 3 days even though he had no criminal record, Plaintiff was released at 9 p.m. EST on July 22, 2015 after a videotaped arraignment appearance to answer for a felony charge back-dated April 15, 2015 and sworn out by warrant by Steven Kory Flowers and signed by Guilford magistrate C.E. Jenkins.

25. Upon information and belief, said warrant sanctioned by C.E. Jenkins was "back-dated" to April 15, 2015 in order to cause imprisonment, terror and or a failure to appear before the Plaintiff faced a second trial for case number 14CRS084442 in Guilford County Superior Court on July 21, 2015.

26. Plaintiff was offered a misdemeanor plea bargain by Stephanie Reese through his attorney of record Candace Morton on July 21, 2015 prior to arraignment on the same day later that afternoon, which he immediately declined. While Plaintiff wanted to avoid the felony charge stemming from Steven Kory Flower's back-dated warrant, he understood that the charges were unsubstantiated and requested a tribunal. Plaintiff's case 15CR075145 was continued twice and to date has not been heard by a lawful tribunal. On each incarceration, Plaintiff was not read his Miranda rights and was not afforded the right to a grand jury indictment or to face his accusers.

27. Within the last 1 ½ years, Plaintiff has been jailed by the Defendants twice and was released only after he submitted a "wet-ink" signature-bond so that his estate could be administered over and charged/taxed against his will by the defendants. Plaintiff had been told by his "probation officer" and Judge Angela Bullard Fox that he would stay in jail for at least a year if he did not comply with

the court's orders. While Plaintiff ultimately decided to relocate to another state to prevent further imprisonment and harassment, he was arbitrarily denied the right to truth in evidence or to a lawful, impartial tribunal.

28. Plaintiff was stripped of custody of his eldest son Jordan El (*ex rel.* Jordan Hall) by operation of the Guilford County civil division court by order of Judge Angela Bullard Fox, without process of service and in absence of all jurisdiction.

29. Plaintiff was wrongfully accused, slandered and vilified by Michelle Macadlo, agent and case worker for GDS. Michelle Macadlo bore false witness against Plaintiff in case 14CRS084442 and committed perjury in that her testimony was in direct contrast to her Child Protective Services case file notes and her original testimony of March 3, 2015 retrieved via discovery from Guilford County District court case #14CR084442.

30. Plaintiff was arrested twice within the span of approximately 1 year by the same HPD officer being one Ron Orgias. Plaintiff was unlawfully arrested sans proper warrant or grand jury indictment by Ron Orgias, who also committed perjury in his testimony in case 14CRS08442. Said testimony was in direct contrast to his original arrest notes and his original testimony retrieved via discovery from Guilford County District court case #14CR084442 by Attorney Candace Morton, Esq.

## CAUSES OF ACTION

31. Plaintiff alleges that Defendants have violated his statutory, constitutional, and inherent treaty rights peculiar to his moral law by establishing a profit-making schemes to fund and enrich themselves from his estate. This is done by utilizing sworn officers and agents in a racketeering organization or consortium. The evidence will establish that HPD and GPD will claim no responsibility to determine grand jury indictments, true bills, or probable cause. No alternative means of justice, such as tribunals, fair and equitable presentations of evidence or witnesses, or trial by peers are used as means of establishing factual evidence or findings of fact of purported criminal activity by Defendants.

32. There are no due process protections to determine legitimacy of charges, to provide sufficient process of service on the proper person, nor adequate hearings or findings of fact other than an order of contempt effectuated by 'back-dated' warrants through magistrate C.E. Jenkins and others who are party to the racketeering acts. Despite the lack of authority to do so, these collective actions routinely impose Court fines, revoke probation, increased fines and cost for the purpose of collection. Under this system, should an individual fail to pay to the satisfaction of CHP/GSO or its municipality, additional

fines and or incarceration of the individual takes place without conducting public hearings and without making any findings, much less determination of due process before taking such punitive action. These unlawful actions impose illegal fees for costs of incarceration, and resulted in Defendants taking action to detain and otherwise incarcerate Plaintiff without any lawful jurisdiction to do so.

33. Defendants violated the Plaintiff's Constitutional rights which require every person restrained of his liberty entitlement to inquire into the lawfulness thereof, and remedy restraint if unlawful, without denial or delay. Defendants violated the mode of prosecution in that Plaintiff was put forth to answer criminal charges sans indictment, presentment or impeachment.

34. Defendants also violated Plaintiff's Constitutional rights as an accused party. In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation and to confront the accusers and witnesses with other testimony, and to have consul for defense, and not be compelled to give self-incriminating evidence, or to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty. Plaintiff was afforded none of the aforementioned rights.

35. Defendants have violated the Plaintiff's Constitutional rights by adding certain additional unreasonable fees, costs, and other charges for each new arrest, or contempt proceeding related to an earlier charge or 'failure to appear'.

36. Defendants have sought to continue to collect fines and costs and incarcerate Plaintiff sans jurisdiction and even after its assumed jurisdiction has expired and made public. Plaintiff gave dispositive evidence via affidavit of the peculiarity of his personem jurisdiction, being specifically Shereefian. (i.e. Under American law, the Sheriff is the chief executive and administrative officer of the county, being chosen by popular election. He is also the chief conservator of the peace within said territory). *See* 61st Congress, 2d. Session, Senate, Doc. No. 357.

37. Defendants, through their joint and consistent action, systematically and falsely imprisoned the Plaintiff, impoverishing him through his compulsion to pay private attorney's fees, and causing the loss of his employment with a Department of Transportation affiliated not-for-profit national association (Triple-A) due to the false arrests. The result of this consistent systematic action of these defendants is that Plaintiff lost primary physical custody of his eldest son, forfeited his post as a registered agent for a legitimate non-profit, and had his employment with a private association terminated due to essentially a debtor's prison for fines, arrests, and other charges. All said charges were levied by defendants in collusion with the various municipalities for which they work. This form

7

of application results in an unconstitutional deprivation of civil rights guaranteed to the Plaintiff under the Fourteenth Amendment and 42 U.S.C. § § 1983 and 1986 respectively.

## COUNT ONE – DENIAL OF DUE PROCESS

38. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

39. Defendants, acting under color of state law, systematically deprived the Plaintiff of his rights and immunities secured by the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution and the North Carolina Constitution in violation of 42 U.S.C. §§ 1983 and 1986 respectively. Plaintiff avers that Defendants, acting under color of state law, violated his Constitutional right to due process as guaranteed by the United States Constitution and the North Carolina Constitution by automatically imposing incarceration i.e. "arrest" for an alleged crime without a lawful grand jury indictment, proper warrant, without a hearing to determine the competency of said grand jury, as well as the other unlawful conduct more fully described in this Complaint.

40. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered injuries.

## COUNT TWO – DENIAL OF EQUAL PROTECTION (CONSPIRACY)

41. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

42. Plaintiff avers that Defendants, acting under color of state law, violated his Constitutional rights to equal protection as guaranteed by the United States Constitution by automatically imposing incarceration and false arrest upon him without a hearing to determine probable cause, proper service of process, an opportunity to present witness testimony on his behalf, or means of determining whether or not his arrest warrant was sufficient or whether there was an abuse of process.

43. Further, Defendants coerced Plaintiff to ransom his own release and or bailment via ['wet-ink' signature bonds], when such was illegal and improper. Upon information and belief, persons with financial means, differing religious viewpoints, differing skin complexions or tones, differing national origins, and "WHITE" racial designations were not subject to such punishment and discrimination.

44. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered injuries.

## COUNT THREE – VIOLATION OF OATHS OF OFFICE

45. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

8

46. Plaintiff avers that Defendants acting under color of state law violated their oaths of office and his constitutional right to due process by effectively imposing deficient arrest warrants and imposing terms of incarceration and or false imprisonment/arrest and other costs and fines beyond the statutory maximum allowed under North Carolina law. Said acts were a systematic deprivation and dispossession of money and property from Plaintiff due to dishonest, criminal, and fraudulent acts of officers. *See Smith v. Federal Surety Co.*, 60 S.D. 100, 243 N.W. 664, 666.

47. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered injuries.

## COUNT FOUR – DENIAL OF DUE PROCESS (ASSAULT & BATTERY)

48. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

49. Plaintiff avers that Defendants acting under color of state law violated his Constitutional rights to due process by effectively and unlawfully photographing and fingerprinting him without taking him to a lawful magistrate, which was an equivalent act to assault and battery.

50. Further, Defendants have published Plaintiff's photographic image and likeness on the internet without his consent to disgrace and defame his family and person. Plaintiff's right to contract was violated by Defendants imposing a signature bond, fingerprint, and photograph for his release sans due process.

51. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered injuries.

## COUNT FIVE – DOUBLE JEOPARDY

52. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

53. Defendants have violated the constitutional rights of Plaintiff and his person by prosecuting him where there is no jurisdiction or authority for such under North Carolina law, doing so willfully and intentionally in an effort to defame him, disgrace his religious order and coerce payment of fines and costs. These efforts went so far as to try Plaintiff twice for the same alleged crime, even though Plaintiff entered an Alford Plea under duress and due to manifest injustice on March 3, 2015. These efforts have resulted in the illegal prosecution and incarceration of Plaintiff and his person for offenses such as "failure to appear". See *State v. Brunson* 393 S.E.2d 860 (1990) 327 N.C. 244.

54. Further, Defendants Michelle Macadlo, Steven Kory Flowers, and Ron Orgias have documentary sworn testimony of record that contradicts their previous statements which if analyzed or taken notice

9

of, would have exonerated the Plaintiff. Any reasonable restraint or oversight was abandoned in favor of sham court proceedings, aimed at effectuating a criminal conviction against the Plaintiff and marring his record, which to date is clear of any criminal activity whatsoever.

55. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered injuries and damages as alleged.

## COUNT SIX – FALSE IMPRISONMENT AND UNLAWFUL DETENTION

56. Plaintiff incorporates by reference the previous paragraphs and make them a part hereof.

57. Defendants are liable for false imprisonment for unlawfully detaining the Plaintiff, and with impunity thereby, depriving him of his personal liberty in violation of the United States Constitution, the North Carolina Constitution, North Carolina General statute 14-43.12 and North Carolina common law.

58. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered injuries and damages as alleged.

## COUNT SEVEN – FALSE ARREST

59. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

60. Defendant Ron Orgias falsely arrested Plaintiff under the direction of and/or in concert with HPD and GPD, without probable cause, and illegally to coerce payment and cause terror. Said action was done intentionally and/or recklessly with knowledge that the Plaintiff would be harmed and in violation of the United States Constitution, the North Carolina Constitution, North Carolina law, and North Carolina common law.

## COUNT EIGHT – MALICIOUS PROSECUTION

61. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

62. Defendants maliciously prosecuted Plaintiff despite sworn affidavits and matters of record, which would have if acknowledged, eliminated the necessity of a tribunal and dismissed the charges. Said action and subsequent inaction was done intentionally and/or recklessly with knowledge that the Plaintiff would be harmed and in violation of the United States Constitution, the North Carolina Constitution, North Carolina law, and North Carolina common law.

63. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered damage and injuries as alleged.

## COUNT NINE – ABUSE OF PROCESS

64. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

65. Defendants committed the tort of abuse of process by intentionally and/or recklessly using and misusing the criminal legal process to harass and intimidate Plaintiff and those of his religious order, national origin and "presumed" race for improper and illegal reasons.

66. As part of the defendants' system, the defendants routinely threaten criminal fines, imprisonment, probation, etc. to collect fines, coerce plea bargains, probation, and private fees, doing so in part to financially benefit GSO and CHP.

67. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered damage and injuries as alleged.

## COUNT TEN – DEFAMATION

## UNCONSTITUTIONAL MISAPPLICATION OF FALSE RACIAL DESIGATIONS

68. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

69. These Defendants through their joint action have systematically and deliberately misapplied the racial designations "Black" and/or "African-American" to the Plaintiff in an unconstitutional fashion while simultaneously denying the Plaintiff the right to be recognized by his true racial designation of "Asiatic" in accordance with his religious order. Said acts committed by the Defendants have been done willfully with impunity and repeatedly in absence of all jurisdiction. This misapplication has both legal and religious implications as they relate to the Plaintiff, and 18 U.S.C. § 1091 provides for a $1,000,000 fine and imprisonment for deliberately attempting to eliminate a group of people (e.g. Asiatic descendants of Maroccans born in North America), especially those of a particular group or nation (e.g. "Maroccans' Americans").

70. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered damage and injuries as alleged.

## COUNT ELEVEN – DENIAL OF PROPER WARRANTS

70. Plaintiff incorporates by reference the previous paragraphs and makes them a part thereof.

71. Defendants have illegally agreed and contracted to create and operate a quasi-judicial system in which CHP and GSO are a joint profit-making venture in violation of North Carolina law. The

municipalities have conspired and acquiesced in allowing HPD and GPD to arbitrarily select who is participating in criminal activity, with no set rules or regulations governing such selections. Payments, signature bonds and other funds confiscated from Plaintiff were arbitrarily kept by CHP and GSO when amounts should have been credited and or paid to Plaintiff from his estate. Sums of money have been wrongfully withheld from Plaintiff and costs for filings, legal defense, etc. has greatly impoverished him and depleted his passbook savings account. Plaintiff seeks monetary relief to remedy such continued unlawful actions by Defendants.

72. As a proximate consequence of these Constitutional and other violations, the Plaintiff suffered damage and injuries as alleged.

### COUNT TWELVE – DENIED RIGHT TO TRUTH IN EVIDENCE

73. Plaintiff incorporates by reference the previous paragraphs and makes them a part thereof.

74. Defendants have illegally misappropriated countless affidavits of fact, documentary pieces of evidence and corroborating witness testimony that would have exonerated Plaintiff in matters pertaining to Guilford County criminal case(s) 14CR084442, 14CRS084442, 15CR075145, and 15CRS075145 respectively. These Defendants through their joint action and collusion have systematically deprived Plaintiff of his right to be heard at law, present dispositive records to corroborate his innocence, and provide witness affidavits and or testimony. Defendants have ignored the requirements as detailed in 18 U.S.C. 3571 which provides for a mandatory $250,000.00 fine.

75. Plaintiff avers that any claims of immunity by Defendants is fraud because, if valid, it would prevent removal from office for crimes against the People. *See* U.S. Const. Art. 2, Sec. IV; *See also* 42 U.S.C. 1986

### COUNT THIRTEEN – DENIAL OF RIGHT TO SPEEDY TRIAL

76. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

77. Defendants have illegally agreed and contracted to conspire to deny Plaintiff his constitutional right to a speedy trial as detailed in U.S.C. 18 § 3161 and North Carolina G.S. § 15-10. The original felony charge date of the sworn affidavits of Steven Kory Flowers and C.E. Jenkins against Plaintiff (i.e. case # 15CR075145) was April 15, 2015.

78. As of October, 16, 2015, more than six months thereafter, Defendants failed to establish a lawful criminal cause of action, which formally begins with an indictment or information. *See* U.S.

Const.. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial..."); N.C. Const. art. I, § 18 ("right and justice shall be administered without favor, denial, or delay").

### COUNT FOURTEEN – RACKETEERING (LIBEL AND SLANDER)

79. Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

80. Defendants have illegally agreed and contracted to operate a quasi-judicial system in CHP and GSO wherein Plaintiff, due to his dark-complexioned skin, religious preference, and national origin, is unlawfully branded as a 'BLACK' or 'AFRICAN-AMERICAN' person despite sworn or affirmed affidavits of fact detailing religious objections to brands deluding to slavery. Further, Plaintiff was denied rights to truth in evidence, denied due process, denied service of process, denied any and all protections pertaining to Miranda rights, double-jeopardy, or self-identification and right to representation in conjunction with the 2007 UN Declaration aforementioned.

81. Plaintiff seeks declaratory, injunctive, and monetary relief to remedy such continued unlawful actions by the defendants designed to humiliate and slander. Plaintiff is entitled to continued declaratory and substantial monetary relief in accordance with defendant's violations of 18 U.S.C. § 3571, 18 U.S.C. § 241, 18 U.S.C. § 1963, 42 U.S.C. § 1983, 42 U.S.C. § 1986, 28 U.S.C. § § 4101, 4102, 18 U.S.C. § 1091 to the extent that such relief is proper.

**WHEREFORE,** Plaintiff respectfully prays that the Court will take jurisdiction of this cause and upon the final hearing:

82. Award Plaintiff such actual damages in the amount of $4,000,000.00 (Four Million dollars) in conjunction with the penalties for the federal violations detailed herein;

83. Award the Plaintiff such other damages as this Court shall find the Plaintiff has sustained, together with punitive, or exemplary damages as the law shall permit;

84. Declare that GPD and HPD is an unlawful and unconstitutional entity contrary to American law which should be enjoined from further operation in or contact with county court in Guilford.

85. Declare that the use of private for-profit private security companies is unlawful and contrary to North Carolina law and it's Constitution;

86. Award to the Plaintiff the cost of this matter, including a reasonable attorneys' fee.

87. Liberally construe this federal complaint as the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972).

88. Award to the Plaintiff, further and different relief to which he is entitled.

89. Acknowledge Precedents of Law established by Supreme Court cases.

90. Take formal judicial Notice of the fact that Plaintiff is not a bar-licensed attorney, and has not had the advantage(s) of formal education in an accredited law school.

**Plaintiff demands trial by jury on all issues in this case.**

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." Executed on January, 7, 2016

Respectfully Submitted,

/s/ *William El, Consul*

William H. El, pro se, sui juiris
C/o 6511 Nova Dr. Apt 121
Davie, Florida 33317
954 858 9383

STATE OF FLORIDA

COUNTY OF Miami-Dade

Sworn to or affirmed and signed before me on January 7th, 2016 by William Hall El

Stephanie Felisme
NOTARY PUBLIC

STEPHANIE FELISME
Notary Public - State of Florida
Commission # FF 202359
My Comm. Expires Feb 25, 2019
Bonded through National Notary Assn.

Stephanie Felisme
[Print, type or stamp commissioned name of notary]

14

## CERTIFICATE OF SERVICE

I, William El, pro se sui juris, hereby certify, under penalty of perjury, under the laws of the United States of America, that I am at least 18 years of age, a Citizen of the United States of America, and that on the _____ day of January 2016, this Complaint was filed with the above-named court and copies were served to the following documents(s):

**FEDERAL COMPLAINT & REQUEST FOR DECLARATORY JUDGMENT DEMAND FOR JURY TRIAL AND PROPOSED WITNESS LIST**

By placing one true and correct copy of said document(s) in first class United States mail, with postage prepaid and properly addressed or by electronic/facsimile with "delivery receipt" to the following:

**Address of Defendants:**

Bill Bencini, Mayor
211 S Hamilton St
High Point, NC 27260
bill.bencini@highpointnc.gov

Ronald Orgias
1340 Pondhaven Drive
High Point, NC 27265

Wayne Scott, Chief of Police
300 W. Washington Street
Greensboro, NC 27401

Steven Kory Flowers
300 W. Washington Street
Greensboro, NC 27401

Michelle Macadlo
325 East Russell Avenue
High Point, NC 27260
mmacadl@co.guilford.nc.us

Nancy Vaughan, Mayor
300 W. Washington Street
Greensboro, NC 27401

C.E. Jenkins, Magistrate
201 S. Eugene Street
Greensboro, NC 27401

Marty Sumner, Chief of Police
1009 Leonard Avenue
High Point, NC 27260
marty.sumner@highpointnc.gov

Stephanie Reese
201 S. Eugene Street
Greensboro, NC 27401

Heather Skeens, Director
325 East Russell Avenue
High Point, NC 27260
HPENICK@co.guilford.nc.us