IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIAM EL,                       )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    1:16CV14
                                  )
GREENSBORO POLICE DEPARTMENT      )
et al.,                           )
                                  )
          Defendants.             )
```

**ORDER**

Plaintiff William El, proceeding pro se, sues thirteen local government agencies and officials for multiple alleged violations of his rights stemming from prior criminal proceedings against him. Before the court are motions from seven Defendants to dismiss El's action for failures related to deficient process and service of process and, alternatively, failure to state a claim upon which relief can be granted. (Docs. 5, 8.) For the reasons that follow, Defendants' motions will be granted.

I.  BACKGROUND

The facts, viewed in the light most favorable to El, indicate the following:

El was arrested twice in Guilford County between August 2014 and July 2015. (Doc. 8.) The August 2014 arrest occurred after police received reports of El's physical abuse against his minor son. [Doc. 4-6.] In July 2015, El was arrested again and arraigned

for charges of tax fraud. (Doc. 5.) El was indicted on these charges on October 26, 2015. (Doc. 4-5.) The charges are still pending. Id. As a result of these arrests, El lost custody of his minor son (Doc. 4-6) and was terminated from his employment (Doc. 1).

El filed the present suit on January 8, 2016, alleging that Defendants used the arrests as part of a conspiracy and "ruse" to, among other things, defame him, falsely imprison him, violate his due process rights, and maliciously prosecute him. (Doc. 1.) El's complaint names thirteen local officials and agencies: the Greensboro Police Department ("GPD"); Wayne Scott, GPD chief of police; Ron Orgias, officer for GPD; Steven Kory Flowers, GPD detective; Nancy B. Vaughan, Mayor of Greensboro; Bill Bencini, Mayor of High Point; the High Point Police Department ("HPPD"); Marty Sumner, HPPD chief of police; Stephanie Reese, assistant district attorney for the Guilford County District Attorney's Office; C.E. Jenkins, magistrate in Guilford County; Guilford County Department of Social Services ("GCDSS"); Michelle Macadlo, Child Protective Services Case Worker for GCDSS; and Heather Skeens, Director of the Division of Social Services for Guilford County. Id. El has dismissed his claims against Stephanie Reese and C.E. Jenkins. (Doc. 13.) He attempted service of his complaint on Defendants GCDSS, Macadlo, Skeens, Flowers, GPD, Scott, and Vaughan by emailing a copy of it to them. (Docs. 5,

2

8.) El has not obtained service upon Defendants Orgias, Bencini, Sumner, and HPPD. (Doc. 14.)

Defendants GCDSS, Macadlo, and Skeens filed a motion to dismiss on January 29, 2016. (Doc. 4.) Defendants Flowers, GPD, Scott, and Vaughan filed a separate motion to dismiss on the same day. (Doc. 7.) El was sent two Roseboro letters on March 1, 2016, warning that he had twenty-one days from the date of service of the Defendants' motions to respond and that his failure to do so would likely result in his case being dismissed. (Doc. 9.) El filed a response to the Defendants' motions on March 22, 2016, more than twenty-one days after being served with Defendants' motions. (Doc. 10.) El was also given a notice that he failed to properly serve Defendants Orgias, Bencini, Sumner, and HPPD on April 12, 2016. (Doc. 14.) This notice stated that El had fourteen days to respond to the notice and that failure to do so may merit dismissal of his complaint. Id. El has filed no response to this notice, and the time for doing so has expired.

**II. ANALYSIS**

A civil action is commenced by the filing of a complaint and the issuance of a summons by the clerk of court. Fed. R. Civ. P. 4(b). The summons commands a defendant to appear and must be served with the complaint on each defendant. Fed. R. Civ. P. 4(a) & (c). Service must be made in accordance with the rules. See, e.g., Fed. R. Civ. P. 4(e) & (j); N.C. R. Civ. P. 4(j). Further,

3

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served [with the complaint and summons] within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The rule provides an exception if the plaintiff shows good cause. Id.

Here, Defendants complain of various defects in process and service of process. It is apparent from the docket and the summons sent to at least one Defendant (Doc. 4-4) that El never had summonses issued by the Clerk of Court in this case. As such, this violates Rule 4(b), process is insufficient, and Defendants' motions should be granted. Fed. R. Civ. P. 12(b)(4); Day'Le Lathon v. UNC-Fayetteville State Univ., No. 5:07-CV-105, 2008 WL 60396, at *1 (E.D.N.C. Jan. 2, 2008) (dismissing pro se plaintiff's claims for failure to serve summons with clerk's signature); Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655, 658 n.1 (M.D.N.C. 2003) (dismissing § 1983 plaintiff's claims against local law enforcement officers for plaintiff's failure to serve a summons and complaint). Defendants GCDSS, Macadlo, and Skeens also argue that the court lacks personal jurisdiction over them because of El's failure to serve proper summonses. (Doc. 5 at 9.) Defendants' motions should be granted on these grounds as well. "Before a federal court may exercise personal jurisdiction over a

4

defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).

The failure to have a proper summons issued and served within 90 days after the filing of the complaint is also grounds for dismissal of the action against all other remaining Defendants. Therefore, in the absence of any showing of good cause by El by September 16, 2016, see Tenenbaum v. PNC Bank Nat. Ass'n, No. CIV.A. DKC 10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011) (quoting Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W.Va.1992)), the court will dismiss the action against the remaining Defendants sua sponte. Fed. R. Civ. P. 4(m).

In addition, it is equally clear that El attempted to serve his complaint by emailing a copy to at least seven Defendants. (Docs. 5, 8.) "Email is not a valid method of service under the North Carolina Rules of Civil Procedure." Magazian v. Creagh, 234 N.C. App. 511, 513 (2014). "Neither the Federal nor the North Carolina Rules of Civil Procedure . . . recognize email as a valid means of service of process on individuals living in the United States." Johnson v. Fields, No. 2:14-CV-38, 2016 WL 3850167, at *3 (W.D.N.C. July 13, 2016). Defendants' motions to dismiss for insufficiency of service of process should be granted on this ground as well.

While this disposes of Defendants' motions at this stage, in

5

so far as El is proceeding pro se he should be aware that even if he had properly initiated this action with issuance of a summons and even if his complaint were properly served, the complaint suffers from several fatal defects that would oblige the court to grant some or all of the motions of Defendants GCSS, Macadlo, Skeens, Flowers, GPD, Scott, and Vaughan to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). A 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). This standard applies to pro se plaintiffs. Adams v. Sw. Va. Reg'l Jail Auth., 524 F. App'x 899, 900 (4th Cir. 2013).[1]

---

[1] Unpublished opinions of the Fourth Circuit are not precedential. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the

6

Case 1:16-cv-00014-TDS-JEP   Document 15   Filed 09/02/16   Page 6 of 9

While pro se litigants are afforded more liberal construction, courts are not permitted to become an advocate for a pro se litigant or to rewrite his complaint. Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

Many of El's multiple counts (e.g., counts one, two, three, six, seven, eight, nine, ten, eleven, and fourteen) lack sufficient factual matter beyond legal conclusions that amount to "[t]hreadbare recitals of the elements of a cause of action," Iqbal, 556 U.S. at 678. In these counts, El alleges that Defendants engaged in a conspiracy to violate his constitutional rights because of his race and religious viewpoints, using allegedly deficient warrants to unlawfully detain and prosecute him. El further contends that Defendants' categorization of his race during his criminal adjudications violated 18 U.S.C. § 1091, a statute concerned with genocide of racial or religious groups. (Doc. 1 at 69). Without additional "factual enhancement," El's complaint "stops short of the line between possibility and plausibility of "entitle[ment] to relief." Twombly, 550 U.S. at 546, 557.

In count four, El alleges that Defendants committed assault, battery, and defamation against him, and violated his right to contract by submitting him to intake procedures upon arrest —

---

weight they generate by the persuasiveness of their reasoning" (citation omitted)).

including fingerprinting and taking his photograph — and publishing his photograph online. (Doc. 1 at 9.) These allegations fail to state a claim for relief. Iqbal, 556 U.S. at 664.

Moreover, counts one ("Denial of Due Process"), two ("Denial of Equal Protection (Conspiracy)"), three ("Violation of Oaths of Office"), five ("Double Jeopardy"), twelve ("Denied Right to Truth in Evidence"), and Thirteen ("Denial of Right to Speedy Trial") challenge his prior criminal proceedings and do not state cognizable claims. Moreover, El invites this court to review and vacate State court decisions concerning state criminal procedure. A party that loses in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

### III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that the motions to dismiss of Defendants GCDSS, Macadlo, Skeens, Flowers, GPD, Scott, and Vaughan (Docs. 4, 7) are GRANTED, and the complaint against these Defendants is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that, in the absence of any showing of good cause by El by September 16, 2016, the court will DISMISS the

8

action WITHOUT PREJUDICE against all remaining Defendants for failure to effect proper service.  Fed. R. Civ. P. 4(m).

                                                                    /s/   Thomas D. Schroeder
                                                                     United States District Judge
September 2, 2016