IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIAM EL,                      )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    1:16cv14
                                 )
GREENSBORO POLICE DEPARTMENT     )
et al.,                          )
                                 )
          Defendants.            )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

On September 2, 2016, this court issued an order dismissing Defendants Guilford County Department of Social Services, Michelle Macadlo, Heather Skeens, Stephen Kory Flowers, Greensboro Police Department, Wayne Scott, and Nancy B. Vaughan. The order further advised Plaintiff that in the absence of any showing of good cause by Plaintiff by September 16, 2016, the court would dismiss the action sua sponte but without prejudice against the remaining Defendants – High Point Police Department; Marty Sumner, High Point Police Department Chief; Bill Bencini, High Point Mayor; Ron Orgias, Greensboro Police Department[1] - for failure to effect proper service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 15 at 8-9.) The court noted that these various Defendants

---

[1] Plaintiff had already dismissed his claims against Stephanie Reese and C.E. Jenkins. (Doc. 15 at 2; Doc. 13.)

were subject to dismissal because, in addition to the various defects in Plaintiff's lawsuit identified by the Defendants who filed a motion to dismiss, Plaintiff failed to have a proper summons issued and served as to these remaining Defendants within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m); Tenenbaum v. PNC Bank Nat. Ass'n, No. CIV.A. DKC 10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011) (quoting Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W. Va. 1992)).

On September 15, 2016, Plaintiff simultaneously presented for filing a "Formal Objection to Order and Memorandum of Judicial Aversion" (Doc. 16) and a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit (Doc. 17). On April 28, 2017, the Fourth Circuit dismissed Plaintiff's appeal for lack of jurisdiction in an unpublished opinion. (Doc. 22.)

As this court warned Plaintiff (Doc. 15 at 4-5), it is apparent from the docket and the summons sent to at least one Defendant (Doc. 4-4) that El never had summonses issued by the Clerk of Court in this case. As such, this violates Federal Rule of Civil Procedure 4(b), process is insufficient, and the action against all Defendants should be dismissed. Fed. R. Civ. P. 12(b)(4); Day'Le Lathon v. UNC-Fayetteville State Univ., No. 5:07-CV-105, 2008 WL 60396, at *1 (E.D.N.C. Jan. 2, 2008) (dismissing pro se plaintiff's claims for failure to serve summons with clerk's signature); Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655,

2

658 n.1 (M.D.N.C. 2003) (dismissing § 1983 plaintiff's claims against local law enforcement officers for plaintiff's failure to serve a summons and complaint).

In addition, Rule 4(m) provides that if a plaintiff does not serve a defendant within 90 days after the complaint is filed, the court

> on motion <u>or on its own after notice to the plaintiff</u> – <u>must dismiss the action without prejudice</u> against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). While Rule 4(m) does not define "good cause,"[2] it is generally regarded to mean "reasonable and diligent efforts to effect service prior to the" deadline. <u>Chen v. Mayor & City Council of Baltimore</u>, 292 F.R.D. 288, 293 (D. Md. 2013) (citation omitted). In an unpublished case, the Fourth Circuit has recently articulated several factors to consider in assessing whether good cause has been shown. See <u>Scott v. Md. State Dep't of Labor</u>, 673 F. App'x 299, 305-06 (4th Cir. 2016)

---

[2] After <u>Henderson v. United States</u>, 517 U.S. 654, 662 (1996) (citing the Advisory Committee's Notes on the 1993 Amendments to Rule 4 when noting that district courts may enlarge time "even if there is no good cause shown"), and subsequent revisions to Rule 4(m), the Fourth Circuit's decision in <u>Mendez v. Elliot</u>, 45 F.3d 75 (4th Cir. 1995) (holding that a district court lacks discretion to enlarge time absent a showing of good cause), no longer appears binding. See, e.g., <u>LHF Productions, Inc. v. Does</u>, Civil Action No. 3:16CV284, 2016 WL 7423094, at (E.D. Va. Dec. 22, 2016) (finding that Rule 4(m) unambiguously permits an extension of time to serve process regardless of whether a plaintiff can show good cause).

(listing the factors of whether delay was outside plaintiff's control, the defendant was evasive, the plaintiff acted diligently or made reasonable efforts, the plaintiff is pro se, the defendant will be prejudiced, the plaintiff asked for an extension of time under Rule 6(b)(1)(A)), petition for cert. filed, __ U.S.L.W. __ (U.S. June 23, 2007) (No. 16-1546). While the Fourth Circuit does not ordinarily accord precedential value to its unpublished opinions, it has noted that they "are entitled only to the weight they generate by the persuasiveness of their reasoning." See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted).

Here, the court gave Plaintiff notice that it intended to dismiss these remaining Defendants unless Plaintiff demonstrated good cause. Plaintiff, proceeding pro se, has failed to do so. He merely filed an objection to this court's order and stated that he has attempted to send "copies of the suits to all defendants at the physical addresses that were listed publicly for them respectively." (Doc. 16 at 3.) Nowhere does Plaintiff claim he has had summonses properly issued, even after the court identified this failure as a problem. Plaintiff also failed to properly serve any Defendant in accordance with applicable law. Indeed, there is no affidavit of service for any Defendant. Finally, Plaintiff sought no extension to effect service. Thus, the court finds that Plaintiff has failed to show good cause.

4

Moreover, even in the absence of a showing of good cause, the court finds no reason to extend the time period in its discretion. Plaintiff has not requested an extension to cure the defects, nor has he given any indication that he intends to attempt to remedy them. Rather, he is resting on the record as it stands, which is deficient.

For all these reasons, the court will dismiss the action without prejudice against the remaining Defendants. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (noting the court has the authority "to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders"). Of course, "dismissal is not a sanction to be invoked lightly." Id. at 95. To the extent applicable here, the court has considered "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant[s]; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. Plaintiff bears sole responsibility for the instant non-compliance. His delay prejudices Defendants' right to adjudication while memories remain fresh. Furthermore, Plaintiff has had multiple opportunities to cure these defects, and no other sanction appears feasible or sufficient. Indeed, the court previously warned Plaintiff that dismissal would occur if he did

not act. Id. (noting that in assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . .") Dismissal without prejudice is an appropriate remedy that is narrowly tailored to the nature of the violation.

Based on the foregoing, therefore,

IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE against all remaining Defendants for failure to issue summonses and failure to effect proper service.

/s/   Thomas D. Schroeder
United States District Judge

August 9, 2017